IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN KEMET SHABAZZ EL,

    Pro Se Plaintiff,

v.         //    CIVIL ACTION NO. 1:10CV38
                        (Judge Keeley)

EDWIN DELGADO,
Taylor County Deputy Sheriff,

LEONARD LUCAS,
a/k/a Lenard Lewis
Taylor County Magistrate,

UNKNOWN FEMALE RECORD CLERK,
Tygart Valley Regional Jail,

UNKNOWN FEMALE NURSE,
Tygart Valley Regional Jail, and

SUPERINTENDENT,
C.E.O. of Tygart Valley Regional Jail,

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATIONS (DKT. 32),**
**GRANTING MOTIONS TO DISMISS (DKTS. 17 AND 22),**
**AND REFERRING CASE TO MAGISTRATE JUDGE**

After the defendant, Leonard Lucas ("Lucas"), filed a motion to dismiss, the pro se plaintiff, John Kemet Shabazz El ("El"), responded by filing an amended complaint. Lucas then filed a second motion to dismiss. The Magistrate Judge to whom this case was referred issued a Report and Recommendations ("R&R"), in which he recommended that the Court dismiss all of El's claims against Lucas

on the basis of judicial immunity. El then timely filed objections to the R&R. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety, **GRANTS** Lucas's motions to dismiss, and **DISMISSES** the complaint and amended complaint **WITH PREJUDICE** as far as they purport to state any claim against Lucas.

### I. FACTUAL AND PROCEDURAL BACKGROUND

El filed this pro se civil rights action after his arrest and detention in Taylor County, West Virginia, both of which occurred after El declined to stop for the flashing lights of Taylor County deputy sheriff Edwin Delgado ("Delgado"), choosing instead to drive for five to eight more miles before finally pulling over.

Upon the officer's request for identification, El produced an expired driver's license and a document purporting to identify him as a member of the Indigenous Murrs of Amexum. Delgado arrested El for various misdemeanor offenses and transported him to the Tygart Valley Regional Jail.

Lucas, a duly elected Magistrate of Taylor Couty, conducted an initial appearance and arraignment by video and set bond at $3,000. El asked about an active warrant from Pennsylvania and was informed that the authorities in that jurisdiction did not intend to seek

extradition. Several days later, El pled guilty and received a sentence of time served and fines, at which point he was released.

## II. LEGAL STANDARDS

The Court will grant a motion to dismiss only where a pro se plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519 (1972). The Court reviews de novo those portions of the R&R to which a party specifically objects, but may adopt without discussion the remainder of its recommendations. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

## III. ANALYSIS

Even if El's claims against Lucas had any merit, which they clearly do not, they would be barred by the doctrine of judicial immunity. Judges and magistrates are completely immune from civil liability unless they act outside their judicial capacity or in the clear absence of any jurisdiction. Pressly v. Gregory, 831 F.2d 514 (4th Cir. 1987)(civil rights claims). The acts of which El accuses Lucas – improperly setting bond, ignoring his references to irrelevant international human rights documents, and so forth – arise solely within the context of Lucas's role as a judicial officer. It is also clear that, under West Virginia law, Lucas possessed jurisdiction to address El's case. Neither the complaints

nor Lucas's objections to the R&R set forth any colorable claim that Lucas's actions are outside the very broad scope of judicial immunity.

## CONCLUSION

Accordingly, the Court **ADOPTS** the R&R (dkt. 32) in its entirety, **GRANTS** the motions to dismiss (dkts. 17 and 22), and **DISMISSES** this case **WITH PREJUDICE** as to Lucas. The Court **REFERS** the matter to Magistrate Judge Kaull for further proceedings consistent with this order.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this order to counsel of record, the Honorable John S. Kaull, United States Magistrate Judge, and to the pro se plaintiff via certified mail, return receipt requested.

DATED: December 20, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE