# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHN KEMET SHABAZZ EL,**

      **Plaintiff,**

v.                                                                  **Civil Action No. 1:10cv38**
                                                                                **(Judge Keeley)**

**EDWIN DELGADO, Taylor County Deputy Sheriff,**
**LEONARD LUCAS,**
**UNKNOWN FEMALE RECORD CLERK, TVRJ,**
**UNKNOWN FEMALE NURSE, TVRJ,**
**SUPERINTENDENT, C.E.O. of TVRJ,**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil rights action against the above-named defendants on March 8, 2010. The plaintiff was granted permission to proceed as a pauper on March 17, 2010. (Dckt. 5). Summonses were issued for Edwin Delgado ("Delgado") and Leonard Lucas ("Lucas") on March 17, 2010, and returned executed on March 26, 2010. (Dckts. 13, 14). Summons were never issued or the remaining three defendants because the plaintiff failed to fully comply with the Notice of Deficient Pleading issued on March 17, 2010. (Dckt. 6). On April 14, 2010, Delgado filed an answer to the complaint, and on April 15, 2010, Lucas filed a Motion to Dismiss. (Dckts. 15, 17). On April 26, 2010, the plaintiff filed an amended complaint. (Dckt. 19). On May 4, 2010, Delgado filed a response, and on May 21, 2010, Lucas filed a Motion to Dismiss the amended complaint. (Dckts. 21, 22). On June 9, 2010, a Roseboro Notice was issued advising the plaintiff that he had thirty (30) days to file any opposition he might have to Lucas' Motion to Dismiss and Motion to

Dismiss Amended/Supplement to Primary Complaint. (Dckt. 24). On June 25, 2010, the plaintiff filed a response. (Dckt. 27).

On November 5, 2010, the undersigned issued a Report and Recommendation which recommended that Lucas' Motion to Dismiss be granted.(Dckt. 32). On November 12, 2010, the plaintiff filed objections. (Dckt. 34). On December 20, 2010, the Honorable Irene M. Keeley, United States District Judge, adopted the Report and Recommendation and dismissed Lucas. In addition Judge Keeley referred the case back to the undersigned for further proceedings. (Dckt. 36).

On December 22, 2010, the undersigned issued a First Order and Notice Regarding Discovery and Scheduling (Dckt. 37). In that Order, the parties were advised that initial discovery disclosures were due by February 8, 2011. Pursuant to a scheduling conference that was held on February 3, 2011, an Order was entered that required that discovery be completed by November 28, 2011. (Dckt. 42).

On February 5, 2011, defense counsel noticed the deposition of the plaintiff for March 7, 2011, beginning at 11:00 a.m. in the second floor conference room of the Federal Building on Pike Street, in Clarksburg, West Virginia. (Dckt. 50-1, p. 10). According to defense counsel, the plaintiff thereafter called and stated that he would not be attending the deposition. On February 23, 2011, defense counsel sent a letter to the plaintiff informing him that the deposition would not be cancelled and that if he did not attend, a motion would be filed with the Court requesting sanctions.(Dckt. 50-1, p. 13).

On March 2, 2011, the plaintiff filed a "Demand for Delay of Defendant's Deposition of March 7, 2010 [sic]" The plaintiff contended that he required an immediate continuance of the deposition scheduled for March 7, 2011 because: (1) he needs to undergo evaluation for an alleged

nervous disorder allegedly acknowledged by defendant and exacerbated by the defendant's counsel's letter and " continual disenfranchisment [sic] of Plaintiff's natural rights;" (2) the deposition needs to be held at the WVU law school instead of the Federal Courthouse because the Federal Courthouse was chosen by the defendant to intimidate the plaintiff; and (2) "Plaintiff will agree to 'Defendant's' deposition in an environment that is comfortable for him given Plaintiff...". (Dckt. 45). On March 3, 2011, an Order was entered denying the plaintiff's Demand for delay of his deposition and specifically ruling that: "[t]he deposition shall take place at the United States Courthouse as scheduled and noticed." (Dckt. 46). The Order was sent by certified mail, return receipt requested. The plaintiff signed the return receipt on March 5, 2011. (Dckt. 49).

Despite having received a copy of the Order, the plaintiff failed to appear on March 7, 2011 at the Federal Building in Clarksburg at the designated time. Having had no contact from the plaintiff as to why he was not in attendance, and waiting until 11:35 a.m., defense counsel concluded the deposition.

The case is now before the Court on Delgado's Motion to Dismiss. (Dckt. 50). In support of his Motion, Delgado notes that this Court has discretion to dismiss the Complaint under Fed.R. Civ. P. 37(b) and 37(d), which state:

> Rule 37(b)(2)(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include:
>
> (v) dismissing the action or proceeding in whole or in part.
>
> Rules 37(d)(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:
> (i) a party or party's officer, director, managing agent – or a

> person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition.
>
> (B)(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A(I) – (vi).

In light of the allegations made in Delgado's motion, the undersigned concluded that it was appropriate to schedule a hearing for the plaintiff to appear and show cause, if any he could, why his case should not be dismissed for his failure to participate in discovery in violation of the Court's Order; for his failure to diligently prosecute his action by participating in discovery; for his delay of the discovery in this action to the prejudice of the defendant; and otherwise be heard. Accordingly, an Order was entered on July 11, 2011, setting this matter for hearing on July 26, 2011, at 3:00 p.m. The Order further required that the plaintiff be physically present at the hearing. The Order was sent to the plaintiff by certified mail, return receipt requested. The return receipt has yet to be returned to the Clerk of the Court, and the plaintiff failed to appear at the Show Cause Hearing.

Based on the facts alleged in Delgado's motion, and the plaintiff's apparent failure even to accept service of the Order setting the Show Cause Hearing, the undersigned is of the opinion that the plaintiff has abandoned this suit and that he no longer wishes to continue the prosecution of this case. Moreover, plaintiff failed to appear for his scheduled deposition and disobeyed a direct court order that he appear and stand for his deposition as scheduled. Plaintiff's actions have frustrated and delayed discovery.

Accordingly, pursuant to Rule 37(b)(2)(A) and Rules 37(d)(A)(i) and (B)(3) the undersigned **RECOMMENDS** that: The Motion to Dismiss (dckt. 33) be **GRANTED,** and the plaintiff's complaint (dckt. 1) be **DISMISSED** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: 4 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE